Opinion issued February 15, 2007







 












In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00950-CR






DANIEL LAYTON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the County Criminal Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 1266371






DISSENTING OPINION

 Because the majority does not address the point of error and the arguments of
appellant, Daniel Todd Layton, I respectfully dissent.

 A jury found appellant guilty of the offense of driving while intoxicated by the
reason of the introduction of alcohol into his body. (1) Appellant articulates his point
of error as follows:

 The trial court erred when it permitted evidence regarding Appellant's
use of Xanax and Valium without requiring the State to show it was
reliable and competent scientific evidence.


Appellant specifically argues to this Court that the trial court erred in admitting the
evidence because "the State failed to show by reliable and competent scientific
evidence (or any evidence) that he was under the influence while driving." He
asserts, thus, that the evidence "failed to make any fact of consequence more or less
probable and therefore was irrelevant. In the alternative, its probative value was
substantially outweighed by the unfair prejudicial effect." In sum, appellant
concludes that the admittance of the evidence "without requiring extrapolation
evidence that it could have played some part in intoxication, was harmful error that
prejudiced Layton's substantial rights."

 In support of his argument, appellant relies on DeLarue v. State, 102 S.W.3d
388, 395 (Tex. App.--Houston [14th Dist.] 2003, pet. ref'd), which discusses the
reliability and admissibility of expert testimony in light of "Daubert-Kelly." See
Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 113 S. Ct. 2786 (1993); Kelly
v. State, 824 S.W.2d 568 (Tex. Crim. App. 1992).

 In the trial court, appellant specifically objected to any reference to the fact that
appellant had been taking the medications, and he specifically cited DeLarue. Having
previously cited DeLarue to the trial court prior to opening statements, the following
exchange occurred outside the presence of the jury:

 [Appellant's Counsel]: Officer Allen made inquiry of Mr. Layton as
to whether or not he had been taking
medications. The medications admitted were
Xanax and Valium. . . . There is no one here
to extrapolate the life of the Valium which
was taken, and as the Court already knows,
there has to be an extrapolation of drugs and
the DeLarue case says that under a 403
analysis, certainly neither of those drugs
should come in before the jury. This is not a
situation where they would be relevant to
anything because the relevance hasn't been
demonstrated on the Valium and there is no
relevance as to the Xanax.


 [Trial Court]: I don't know that . . . do you have anything
scientific to demonstrate to me that these have
no impact on the body and what their life
expectancy of each of these drugs are and
when taken in one's body?


 [Appellant's Counsel]: Actually, Judge, that's not my burden, that's
the State's. They have the burden of showing
you under Kelly.


 [Trial Court]: Well, the relevancy is that the H.G.N. is one
of the--the predicate requirements is that they
have to inquire whether or not you're taking
any medication as it relates to the accuracy or
the--what they're looking for in the H.G.N. 
So your objection as to relevancy is denied.


 [Appellant's Counsel]: It might be relevant to the inquiry. It is not
relevant then to give the answer.


 [Trial Court]: Overruled.


 Here, it is readily apparent that appellant's primary point to the trial court and
to this Court is that the evidence of his use of the medications was inadmissible
because the State failed to demonstrate its reliability in regard to proving that
appellant was intoxicated. Nevertheless, the majority avoids the issue altogether in
concluding that appellant did not object to the officer's comments about appellant's
use of the medications and the evidence was relevant to the officer "before
administering the H.G.N. test." 

 First, appellant's objection to the fact that he used the medications necessarily
covers any reference to the medications made by the arresting officer. Second,
although the majority asserts that the evidence of appellant's use of the medications
was relevant to the officer "before administering the H.G.N. test," it does not explain
how the evidence had "any tendency to make the existence of any fact that is of
consequence to the determination of the action," i.e., intoxication, "more probable or
less probable." See Tex. R. Evid. 401. Moreover, although the majority concludes
that the fact that appellant had been taking the medications "was not used as proof of
intoxication," the State itself, in its brief, actually argues that "the taking of Xanax
and Valium are probative of appellant's intoxication." 

 Here, appellant preserved his complaint for appellate review. See Tex. R. App.
P. 33.1. This Court, therefore, has an obligation to hand down a written opinion that
"addresses every issue raised and necessary to final disposition of the appeal." Tex.
R. App. P. 47.1. Because the majority affirms the trial court's judgment without doing
so, I respectfully dissent. 


 

 Terry Jennings 

 Justice


Panel consists of Justices Nuchia, Jennings, and Higley.


Justice Jennings, dissenting.




Publish. Tex. R. App. P. 47.2(b).
1. §§